IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:19-cv-01976-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| $69,940.50 in United States Currency, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff United States of America's ("Government") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against Claimants Dereck McClellan ("McClellan") and Yvonne Silver ("Silver") (collectively "Claimants"). For the reasons set forth below, the court grants the Government's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This is an action for forfeiture of $69,940.50 in United States Currency ("Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6). (Compl. ¶ 3, ECF No. 1.) On January 13, 2019, at approximately 6:20 a.m., a Greer Police Department officer responded to a report of a suspicious vehicle at a gas station in Greer, South Carolina. (Id. at ¶ 7(a), ECF No. 1.) When the officer arrived, he found McClellan passed out in the driver's seat of a vehicle that had struck a concrete pillar by a gas pump. (Id., ECF No. 1.) The window was down and the officer smelled a strong odor of marijuana. (Id., ECF No. 1.) The officer awakened McClellan and instructed him to exit the vehicle. (Id., ECF No. 1.) The officer observed an empty Hennessey bottle in the vehicle and McClellan staggering as he exited the vehicle. (Id., ECF No. 1.)

1

McClellan was arrested for public drunkenness and transportation of alcohol with a broken seal in a motor vehicle.  (Id., ECF No. 1.)

A search of the vehicle revealed a marijuana blunt in the ash tray, a bundle of money secured with a rubber band in the console, two medical marijuana identification cards in McClellan's wallet,[1] and a Nike duffel bag in the trunk containing the Defendant Currency.  (Id. ¶ 7(b), ECF No. 1.) The Defendant Currency was arranged in eighteen bundles secured with rubber bands.  (Id., ECF No. 1.)  Homeland Security seized the currency.  (Pl. Mem. Supp. Summ. J. 4, ECF No. 37-1.)

The United States filed the instant *in rem* civil forfeiture action on July 16, 2019. (Compl., ECF No. 1.)  The Government argues that the Defendant Currency is connected to illegal drug trafficking, or, alternatively, it constitutes proceeds of trafficking in counterfeit goods and money involved in a money laundering operation.  (Compl. ¶ 8, ECF No. 1.) Claimants contest the forfeiture of the Defendant Currency and have submitted sworn claims stating "[t]he seized property consists entirely of profits from our retail business, Labelz StyleHouse."  (Seized Asset Claim by McClellan and Silver, ECF 10-1; Resp. Opp'n Mot. Summ. J. 11, ECF No. 49.)

The Government filed a motion for summary judgment on August 19, 2020.  (Mot. Summ. J., ECF No. 37.)  After receiving two extensions, Claimants responded in opposition on September 14, 2020.  (Resp. Opp'n Mot. Summ. J., ECF No. 49.)  The Government replied on

---

[1] One medical marijuana identification card identified McClellan and the other identified Silver.

2

September 17, 2020.  (Reply Resp. Mot. Summ. J., ECF No. 52.)  This matter is now ripe for review.

## II.  DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson, 477 U.S. at 248 (citation omitted).

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).  "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Motion for Summary Judgment

The Government seeks civil forfeiture of Defendant Currency pursuant to 21 U.S.C. § 881(a)(6), which states in pertinent part:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . . all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter [shall be subject to forfeiture to the United States and no property right shall exist in them].

The United States argues that "no genuine issues of material fact exist and the preponderance of the evidence shows that the Defendant Currency constitutes drug proceeds." (Pl. Mem. Supp. Summ. J. 16., ECF No. 37-1.) Claimants, on the other hand, argue the Defendant Currency consists entirely of profits from their retail clothing business, Labelz StyleHouse ("Labelz"). (Seized Asset Claim by McClellan and Silver, ECF 10-1; Resp. Opp'n Mot. Summ. J. 11, ECF No. 49.)

The burden of proof is on the Government to establish, by a preponderance of the evidence, that the Defendant Currency is subject to forfeiture. 18 U.S.C. § 983(c)(1). To meet its burden, the Government may use evidence gathered after the filing of a complaint for forfeiture. § 983(c)(2). Because the Government asserts the Defendant Currency constitutes proceeds of drug trafficking, the Government need only trace the currency to drug trafficking generally, not to a specific transaction. See United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004). The Government may rely on circumstantial evidence to meet its burden. Id. "[R]easonable inferences may be drawn from the evidence presented to establish a nexus between the property and drug activity." United States v. Veggacado, No. 01-3544, 2002 WL 1316395, at *2 (6th Cir. June 14, 2002) (unpublished).

The court must "consider the totality of the evidence as a whole and in the appropriate context." United States v. Currency, U.S., $147,900.00, No. 09-1496, 2011 WL 4866473, at *2 (4th Cir. Oct. 14, 2011) (unpublished) (quoting United States v. Funds in the Amount of $30,670.00, 403 F.3d 448, 469 (7th Cir. 2005)). The "aggregation of facts, each one insufficient standing alone, may suffice to meet the government's burden." United States v. $67,220.00 in U.S. Currency, 957 F.2d 280, 284 (6th Cir. 1992) (citation omitted).

### 1. Currency Amount and Packaging

Drugs were found in McClellan's vehicle after his arrest. McClellan's possession of large sums of cash at the same time as his engagement in drug activity provides "strong evidence that the cash is connected with drug activity." Currency, U.S., $147,900.00, 2011 WL 4866473, at *3 (quoting United States v. $84,615 in U.S. Currency, 379 F.3d 496, 501-02 (8th Cir. 2004)); see also United States v. $252,300.00 in U.S. Currency, 484 F.3d 1271, 1275 (10th Cir. 2007) ("A large amount of currency, while not alone sufficient to establish a connection to a drug transaction, is 'strong evidence' of such a connection.") (quoting United States v. $149,442.43 in U.S. Currency, 965 F.2d 868, 877 (10th Cir. 1992)). Further, transporting currency wrapped in bundled increments with rubber-bands has significant probative value. United States v. $21,055.00 in U.S. Currency, 778 F. Supp. 2d 1099, 1104 (D. Kan. 2011); see also $242,484.00, 389 F.3d at 1161 ("A common sense reality of everyday life is that legitimate businesses do not transport large quantities of cash rubber-banded into bundles and stuffed into packages in a backpack.").

Claimants do not dispute the facts surrounding the seizure.[2] (Resp. Opp'n Mot. Summ. J. 2, ECF No. 49.) Accordingly, the court finds that these undisputed facts are substantial evidence that the money is connected to drug activity.

### 2. Tax Returns and Lack of Evidentiary Support for Source Claims

Further, although the amount of currency and its packaging is not dispositive, it is compelling evidence when coupled with the lack of evidence to support the claims that the money is profits from Labelz. See $252,300.00 in U.S. Currency, 484 F.3d at 1275. "A court may rely on a claimant's tax returns in determining whether claimant had sufficient legitimate income to account for possession of a large quantity of currency." $21,055.00 in U.S. Currency, 778 F. Supp. 2d at 1105 (citations omitted).

The court finds that Claimants have failed to provide the court with sufficient evidence of income to prove that the Defendant Currency was earned legitimately, much less that it "consists entirely of profits from [Claimants'] retail business." (Seized Asset Claim by McClellan and Silver, ECF 10-1.) In fact, McClellan has not filed income tax returns and has no reported income or work history that could explain the large amount of currency in his possession. Silver filed income tax returns for herself and her three dependant children. (Pl. Mem. Supp. Summ. J. Ex. 4 (Tax Returns), ECF No. 37-4.) According to her income tax returns, Silver only reported $10,099 in income in 2016, $15,701 in 2017, $19,146 in 2018, and $17,947 in 2019, all designated as business income from Labelz. (Id., ECF No. 37-4.)

---

[2] Claimants emphasize the fact that McClellan was not arrested for a drug offense in connection with the seizure. (Resp. Opp'n Mot. Summ. J. 6, 9, ECF No. 49.) The court notes there is no such requirement. See e.g., United States v. Ten Thousand Seven Hundred Dollars & No Cents in U.S. Currency, 258 F.3d 215, 224 n.6 (3d Cir. 2001) ("[F]orfeiture under § 881(a) is not conditioned upon an arrest or conviction for a drug offense.")

Silver's income tax returns regarding Labelz are completely inconsistent with Claimants' assertion that the Defendant Currency is entirely proceeds from the retail business.[3] Claimants' self-serving claims, without corroborating documentation, do not establish a genuine issue of material fact. United States v. Currency, U.S., $864,400.00, No. 09-1935, 2010 WL 5189543, at *2 (4th Cir. Dec. 16, 2010) (unpublished). Claimants argue a genuine issue of material fact exists because McClellan's inheritance of a mortgage-free house in 2014 has allowed Claimants and their three children to "survive on much less" over the last six years.[4] (Resp. Opp'n Mot. Summ. J. 10-11, ECF No. 49.) The court disagrees. See $21,055.00 in U.S. Currency, 778 F. Supp. 2d at 1102 ("A claimant's implausible explanation is not sufficient to defeat summary judgment.") (citation omitted); see also United States v. $107,840.00 in U.S. Currency, 784 F. Supp. 2d 1109, 1126 (S.D. Iowa 2012) ("[T]he Court would have to assume that Claimant lived essentially expense free over the past ten years in order to conclude that these sources were sufficient to account for the defendant currency . . . .When . . . general living expenses are accounted for, it is not plausible to conclude that Claimant was able to acquire the defendant currency solely from the sources of income he has presented to the Court." (internal citations omitted)).

The court finds that Claimants inability to establish the legitimacy of the Defendant

---

[3] Aside from the sworn statements, Silver's tax returns from 2016-2019 are the only documentation or business records for Labelz provided to the court.

[4] Along with the house in 2014, McClellan inherited approximately $100,000. Claimants state "McClellan invested a large portion of his inheritance in [the] clothing business." (Resp. Opp'n Mot. Summ. J. 7, ECF No. 49.) The court disregards this evidence in its analysis because Claimants do not suggest, nor do they provide any records to suggest, that money invested into Labelz some years ago is in any way connected to the money alleged to be profits today.

Currency is further evidence that the Defendant Currency was either proceeds of or was used to facilitate drug trafficking. See $252,300 in U.S. Currency, 484 F.3d at 1275 (finding evidence of claimant's inability to substantiate proof of income "is entitled to considerable weight"); United States v. $174,206 in U.S. Currency, 320 F.3d 658, 662 (6th Cir. 2003) (holding that "evidence of legitimate income that is insufficient to explain the large amount of property seized" satisfies the preponderance of the evidence standard).

### 3. Claimant's Record of Drug Activity

In addition, Claimant McClellan has prior convictions in South Carolina for, among other things, trafficking crack cocaine, possession of marijuana with intent to distribute, and possession of marijuana with intent to distribute within one-half mile of a school. (Pl. Mem. Supp. Summ. J. Ex. 4 (Criminal History of Dereck McClellan), ECF No. 37-5.) In connection with the marijuana convictions, law enforcement seized $53,495 in currency from McClellan in 2013. (Id. Ex. 8 (Affidavit of Jonathan Garrett), ECF No. 37-12.)

Without citing legal authority, Claimants contend it would be improper for the court to give weight to McClellan's previous drug charges. (Resp. Opp'n Mot. Summ. J. 6, 9, ECF No. 49.) However, "[a] claimant's record of drug activity is a highly probative factor in the forfeiture calculus." United States v. $67,220.00 in U.S. Currency, 957 F.2d 280, 286 (6th Cir. 1992) (citation omitted). McClellan's prior drug activity is thus given significant probative value.

Based on the foregoing, the court finds that there are no genuine issues of material fact in this case. Further, based on the totality of the evidence, the court finds that the Government

has met its burden to establish by a preponderance of the evidence that the Defendant Currency is traceable to the drug trafficking and is thus subject to forfeiture under 21 U.S.C. § 881(a)(6).[5]

Therefore, it is

**ORDERED** that the Government's motion for summary judgment, docket number 37, is granted.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
September 22, 2020

---

[5] Having granted summary judgment on these grounds, the court need not address the remaining arguments for forfeiture raised by the Government.